UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PMG INTERNATIONAL DIVISION, LLC, et al., </br></br>Plaintiffs, </br></br>v. </br></br>RANDOM HOUSE, LLC, et al. </br></br>Defendants. | Civil Action No. 5:13-1043 (RCL) |

## MEMORANDUM OPINION

Before the Court is plaintiffs' Renewed Motion for Remand, ECF No. 19; defendants' opposition, ECF No. 20; and plaintiffs' reply, ECF No. 21. Upon consideration of the parties' arguments, the applicable law, and the entire record herein, the Court will GRANT plaintiffs' motion to remand, and DENY plaintiffs' requests for attorneys' fees.

I.   BACKGROUND

Plaintiffs filed this suit in the District Court of Bexar County, Texas, on October 15, 2013, alleging only state law claims. Defendants filed their Notice of and Petition for Removal on November 15, 2013. ECF No. 1. Their sole basis for federal court jurisdiction was diversity. They alleged: "Plaintiffs . . . are limited liability companies comprising members who all reside in San Antonio, Texas," concluding that plaintiffs "are citizens of Texas for diversity purposes." *Id.* Additionally, "at the time this action was filed and at all times since, both Random House and Penguin were and are citizens of Delaware and New York for the purposes of diversity jurisdiction." *Id.* Thus, they asserted, removal was appropriate.

On December 2, 2013, plaintiffs filed a Motion for Remand, arguing that complete diversity did not exist between plaintiffs and defendants and asking for attorneys' fees pursuant to 28 U.S.C. § 1447(c). ECF No. 11. Plaintiffs alleged that the sole member of plaintiffs PERIODICALS INTERNATIONAL, LLC, CARIBBEAN MANAGEMENT, LLC, and ISLAND PERIODICALS OF HAWAII, LLC, is PMG International, Ltd., a Texas limited partnership. *Id.* Additionally, they alleged that the sole member of plaintiff PMG INTERNATIONAL DIVISION, LLC is Socios Holdings, Ltd., also a Texas limited partnership. *Id.* Because the general partner of both of these organizations is Periodical Licensing, Inc.—a Delaware corporation—complete diversity was destroyed.

On September 30, 2014, the Court held that plaintiffs provided sufficient evidence that the limited partnerships' general partner is Periodical Licensing, Inc. ECF No. 17 at 1. However, plaintiffs' only evidence that their members include the limited partnerships was the signed declaration of Laurie Leach, claiming to be the Chief Financial Officer of Periodical Licensing, Inc. *Id.* at 2. Therefore, the Court ordered that plaintiffs "produce limited discovery providing the names and residence addresses of their members, such as plaintiffs' Articles of Organization and other jurisdictional information" and granted defendants limited discovery to follow. *Id.* at 3. The Court dismissed Plaintiff's Motion to Remand without prejudice to a renewed motion after jurisdictional discovery concluded. *Id.*

After such discovery, plaintiffs filed a renewed Motion to Remand on December 15, 2014, again requesting an award of attorneys' fees. ECF No. 19.

## II. REMAND APPROPRIATE

Based on new evidence provided by plaintiffs, defendants now concede that that jurisdiction is lacking in this case. Therefore, this Court hereby remands the case to the District Court of Bexar County, Texas.

## III. ATTORNEYS' FEES

This Court must still consider whether an award of attorneys' fees is appropriate in this case, despite its order to remand. Section 1447(c) of the U.S. Code provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447; *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("District courts may award costs after an action is dismissed for want of jurisdiction."); *Desert Sch. Fed. Credit Union v. Johnson*, 473 F. App'x 804 (9th Cir. 2012) (noting that "a district court retains jurisdiction to award attorney's fees pursuant to 28 U.S.C. § 1447(c) after a case has been remanded to state court"). This is because the imposition of attorneys' fees is not a judgment on the merits of an action; "[r]ather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Id.* at 396.

The party seeking recovery under the statute has the burden to prove entitlement to attorneys' fees. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Both parties agree that an award of attorneys' fees under 28 U.S.C. § 1447(c) is appropriate only where there is no objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993) (refusing to award attorneys' fees to the plaintiff where the defendant's removal was reasonable). However, "[a]wards of this nature are rare and

3

are not justified merely because the case was improperly removed." *D-Col, Inc. v. Young*, 2009 U.S. Dist. LEXIS 81460 (W.D. Tex. Sept 4, 2009).

The Court finds that defendants had a reasonable belief that diversity existed after a thorough investigation. Defendants conducted a thorough investigation to determine citizenship: They hired a private investigator, searched public records including corporate registrations and the companies' websites, contacted plaintiffs' registered agent, and searched the internet. The results of the search did not indicate that PMG International, Ltd. or Socios Holdings, Ltd. were members of plaintiffs' limited liability companies. Without that information, it appeared that diversity existed.

Plaintiffs contend that they "provided Defendants with documentation and a thorough explanation of Plaintiffs' corporate structure, as evidenced by the correspondence attached to Exhibit "B" to Plaintiffs' Motion for Remand and Renewed Motion for Remand." Pls.' Reply to Defs.' Joint Resp. to Pls.' Renewed Mot. Remand 2. However, the only documentation plaintiffs included in their original motion was the signed declaration of Laurie Leach, Chief Financial Officer of Periodical Licensing, Inc. It was reasonable for defendants to request additional proof of plaintiffs' ownership before consenting to a remand. Plaintiffs' mere assertion that PMG, International, Ltd. and Socios Holdings, Ltd. were the general partners of their limited liability company was understandably not persuasive, given the evidence to the contrary. This Court clearly agreed that further evidence was needed before a remand could be granted when it dismissed plaintiffs' motion for remand and request further information from plaintiffs. *See* ECF No. 17 at 3. Once such information was provided, defendants agreed that a remand was appropriate. Defs.' Joint Resp. to Pls.' Renewed Mot. Remand 3.

4

The Court finds that after extensive searching, defendants had a reasonable belief that diversity existed. *See Ayres v. Sears*, 571 F. Supp. 2d. 768, 776 (W.D. Tex. 2008) (finding an objectively reasonable basis when plaintiffs believed non-diverse defendant was not a party in interest after reviewing request for disclosures); *Zebrowski v. Zebrowski*, No. 10-CV-02582-CMA-KMT, 2010 WL 5094026, at *6 (D. Colo. Dec. 8, 2010) (refusing to award attorneys' fees when citizenship was not apparent from plaintiff's pleadings and defendants' investigation indicated diversity existed). Therefore, the Court declines to grant plaintiffs' request for attorneys' fees.

## IV. CONCLUSION

For the aforementioned reasons, plaintiffs' Renewed Motion for Remand [19] is granted in part and denied in part. Plaintiffs' request for remand is GRANTED and this case is hereby remanded to the District Court of Bexar County, Texas. However, plaintiffs' request for attorneys' fees is DENIED.

A separate order consistent with this Opinion shall issue on this 14th day of January, 2015.

_____
The Honorable Royce C. Lamberth
U.S. District Court Judge